27 C.C.P.A. (Patents)

## In re STRESAU.
### Patent Appeal No. 4233.

Court of Customs and Patent Appeals.

Feb. 26, 1940.

Rehearing Denied April 5, 1940.

Elwyn A. Andrus, of Milwaukee, Wis., for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 19 to 31, inclusive, in appellant's application for a reissue of patent No. 1,925,118, issued September 5, 1933, on an application filed May 5, 1931. The reissue application, serial No. 165,230, was filed September 22, 1937, more than four years subsequent to the issuance of appellant's patent. It contains the claims of appellant's patent, Nos. 1 to 18, inclusive, which were allowed by the Primary Examiner, and the appealed claims, Nos. 19 to 31, inclusive, which were copied from patent No. 2,072,273, issued to C. W. Obert, March 2, 1937, on an application filed April 26, 1933.

The invention defined by the appealed claims relates to oil stills and pressure

vessels and to a method of making the same.

Claims 19 to 25, inclusive, are method claims, and 26 to 31, inclusive, are article claims. Claims 19 and 24 are illustrative of the appealed method claims, and 26 and 27 are illustrative of the article claims. They read:

"19. The method of making a pressure vessel shell which comprises forming a plurality of metal sheets; superimposing and tightly clamping one sheet upon the other; and joining the sheets together along their respective seams while each sheet is tightly clamped.

"24. The method of making a cylindrical vessel shell which comprises forming a plurality of substantially cylindrical metal sheets; successively superimposing one sheet upon the other; clamping said sheets in their superimposed condition; and joining the sheets together along a single longitudinal seam.

"26. A shell for high pressure vessels comprising a plurality of superimposed metal plates in uniformly close contact throughout their juxtaposed surfaces and uniformly shaped together, and joined along the longitudinal seams thereof.

"27. A pressure vessel shell comprising a plurality of superimposed and conforming sheets of metal in a uniformly close surface contacting juxtaposition, each sheet being separately welded along a single longitudinal seam."

The object of the reissue application is stated in the brief of counsel for appellant to be "to correct a defect in the specification, and in the present instance it also serves as a means of correcting a cloud which has been erroneously cast upon applicant's patent by the issuance of a later patent to Obert containing claims to the same invention," and not "to extend the scope of the Stresau patent, but merely to include claims phrased in the same language used in the Obert patent in order to lay a foundation for a suit to cancel the later issued and interfering Obert patent."

In the oath supporting appellant's application for a reissue, it is stated that the patent issued to appellant is inoperative—

"to the extent and for the reason that the specification is insufficient, and that such insufficiency consists particularly in failing to include claims directed to certain features of the invention * * *:

"That the specification failed to describe the invention in a manner as full as the description contained in the original applications [meaning application, serial No. 183,175, filed April 12, 1927, which was a 'continuation of application Serial No. 8070, filed February 9, 1925'] of which the application issued into said Letters Patent was a substitute, *that the claims failed to specify the feature of the invention employing a single longitudinal seam in a cylindrical body portion of the vessel, that the claims failed to specify the feature of the invention in which the laminations of the vessel are in uniform close surface contact with each other, and that the specification failed to contain claims of the scope of claims 19 to 31 submitted herewith.*

"That such errors so particularly specified arose as follows:

"That the inventor was an engineer and unfamiliar with details of patent matters and that in the preparing of the final application, a substitute case for two previous applications [hereinbefore referred to], the matter above set forth was inadvertently left out and claims directed to the features above set forth were not included * * *." (Italics ours.)

The Primary Examiner rejected the appealed claims on three grounds: First, that they were broader in scope than the claims in appellant's patent, and that appellant had failed to establish special circumstances to excuse the delay of more than two years in filing his reissue application; second, that appellant's application which matured into patent No. 1,-925,118 does not disclose the invention defined by the appealed claims; and, third, that appellant's failure to claim in his patent the invention defined by the appealed claims was not due to inadvertence or mistake within the meaning of the reissue statute—section 4916, R.S., 35 U.S. C., title 35, sec. 64, 35 U.S.C.A. § 64—which reads: "Whenever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a patent for the

same invention, and in accordance with the corrected specification, to be reissued to the patentee or to his assigns or legal representatives, for the unexpired part of the term of the original patent. * * *"

The Board of Appeals concurred in the views expressed by the Primary Examiner as to the appealed method claims, Nos. 19 to 25, inclusive, and, although it affirmed the examiner's holding that appellant's patent did not disclose the invention defined by the appealed article claims, it expressed the view that those claims were not broader than the article claims in appellant's patent.

The method claims, Nos. 7 and 8, in appellant's patent which have been allowed in the involved application, read:

"7. A method of making laminated pressure vessels which comprises forming a plurality of tubular members of different diameters from flat sheet metal blanks, fusing the longitudinal meeting lines of the tubular member having the smallest diameter, placing the tubular member having the next smallest diameter concentric with said smallest tubular member with the longitudinal meeting lines thereof in staggered relationship with the meeting lines of said first named tubular member, fusing the longitudinal meeting edges of said second named tubular member together and with said first named member, and continuing such operations until a wall of desired thickness has been built up, and fusing end portions on to the tubular members to form a unitary closed structure.

"8. A method of making laminated pressure vessels which comprises shaping a flat sheet metal blank into a tubular form and fusing the longitudinal meeting lines thereof, fusing end members having the same thickness of said sheet metal blank to the ends of said tubular member, forming a second tubular member from a sheet metal blank and arranging it concentric with said first named tubular member, but in staggered relation thereto, and fusing end members on said second mentioned tubular member and continuing such operations to complete a laminated closed vessel of desired thickness."

It will be observed that the involved method claims differ from the allowed method claims, Nos. 7 and 8, in that they are not limited to cylindrical tubular members having longitudinal seams in staggered relation, and, to that extent, are broader than the allowed claims.

■ It is well settled that a "claim has been broadened if it is broader in any respect." In re Bostwick, 102 F.2d 886, 888, 26 C.C.P.A., Patents, 1117.

Each of the appealed method claims contains the limitation of joining the tubular members by welding while they are clamped together.

■ The tribunals of the Patent Office concurred in holding that appellant's patent did not disclose the clamping together of the tubular members while they were being joined by welding, and, although counsel for appellant argues here that the tribunals of the Patent Office erred in so holding, we are unable to find any disclosure in appellant's patent of the step of clamping the tubular members together. See In re Howard, 104 F.2d 196, 26 C.C.P.A., Patents, 1277, 1280.

Relative to the article claims, Nos. 26 to 31, inclusive, the Board of Appeals stated in its decision that they call for "high pressure vessels with the superposed metal plates in uniform close contact and uniformly shaped together, which term 'uniform' has a definite meaning in the Obert patent and does not seem to have a corresponding meaning in the Stresau patent. Claims 28–31, inclusive, also refer to the single longitudinal seam formed by welding several sheets which is described by Obert and not described by Stresau. *However, assuming that Stresau could find support for these article claims, we believe that they are so closely related to the broad claims of the Stresau patent on the pressure vessel that he would be entitled to make them in a reissue.*" (Italics ours.)

As we understand its decision, the Board of Appeals was of opinion that the article claims here involved, Nos. 26 to 31, inclusive, are not broader than the article claims in appellant's patent, and that if the subject matter of those appealed claims is disclosed in appellant's patent he is entitled to make them in his reissue application.

■ The holding of the Board of Appeals is challenged by appellant's reasons of appeal, and the sole issue before us, so far as the article claims are concerned, is whether the subject matter defined therein is disclosed in appellant's patent. See In re Oliver M. Tucker and William A. Reeves, 54 F.2d 815, 19 C.C.P.A., Patents, 810.

We are unable to concur in the views expressed by the Board of Appeals that appellant's patent does not disclose that the superimposed tubular members are in "uniform close contact."

Appellant states in his patent that "The body section may also be fabricated by making a number of tubular laminations of the proper diameter and pressing one over the other. The first lamination will be made with an internal diameter equal to the external diameter of the lamination or container. This method will give a body section the laminations of which are independent of one another." (The reference numbers have been omitted in this quotation.)

We think it is obvious from the quoted excerpt from appellant's patent that if the first superimposed tubular member has "an internal diameter equal to the external diameter of the [inner] lamination or container," the tubular members will be in "uniformly close contact throughout their juxtaposed surfaces." Appealed article claim 26, however, specifies not only that the superimposed metal plates are in uniformly close contact, but that they are "uniformly shaped together, and joined along the longitudinal seams thereof."

In his decision, the Primary Examiner stated that, in view of the disclosure in the Obert patent, "The limitation 'uniformly shaped together and joined [contained in appealed claim 26]' implies that all the laminations are shaped at one time and joined along the longitudinal seams at one operation by a single longitudinal weld," and that appellant did not disclose such a structure in his patent.

The Board of Appeals concurred in the views thus expressed by the Primary Examiner.

We find no error in the holding of the tribunals of the Patent Office with regard to appealed claim 26.

Each of the other appealed article claims contains the limitation that each of the cylindrical metal sheets is welded or joined together "along a single longitudinal seam."

The tribunals of the Patent Office concurred in holding that appellant's patent did not disclose that element.

Counsel for appellant here points out that appellant's patent contains the statement that "In fabricating the structure in this manner, it is desirable that the longitudinal seams be spaced angularly. The spacing may be arrived at by dividing a circle by the number of layers. This staggering of seams will permit greater relative movement of the laminations when subjected to internal pressures than when the *longitudinal seams coincide.*" (Italics ours.)

We are of opinion that the quoted excerpt from appellant's patent is a disclosure of a vessel having a plurality of cylindrical members welded together along a single longitudinal seam, as called for by appealed claims 27 to 31, inclusive, although, at the time his patent issued, appellant apparently was of opinion that the several longitudinal seams of the tubular members should be spaced angularly, and that the staggering of the seams provided a more satisfactory structure.

Whether claims to a tubular structure in which the cylindrical tubular members are joined together along a single longitudinal seam, which structure, appellant, at the time his patent issued, obviously considered inferior, were intentionally omitted from his patent or whether such omission was due to "inadvertence, accident, or mistake," is not an issue for our consideration, and we express no opinion with regard thereto.

We are of opinion that the subject matter of appealed claims 27 to 31, inclusive, is disclosed in appellant's patent, and that, in view of the issues here presented, appellant is entitled to those claims in his reissue application.

For the reasons stated, the decision of the Board of Appeals is modified, being affirmed as to claims 19 to 26, inclusive, and reversed as to claims 27 to 31, inclusive.